**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| RAY ALEXANDER LINK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:07-CV-339 JVB |
| | ) |
| TOBY H. RHYMER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Ray Link, a prisoner confined at the Allen County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his federally protected rights. This case is before the court on the plaintiff's amended complaint naming Allen County Police employees Steven J. Hamilton, Toby H. Rhymer, Rick Tindall, Roxann Meckley, John A. Gonzales, and Michael Girardot as defendants. Link seeks over ten million dollars in compensatory damages and punitive damages of $699,000.00.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

The pleading standards were recently retooled by the Supreme Court. In the context of a motion to dismiss for failure to state a claim, the Court stated that the "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

*Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). Instead, the Court held that the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.  Two weeks later the Supreme Court decided *Erickson v. Pardus*, 127 S.Ct. 2197 (2007). In *Erickson*, the Court also took up the issue of pleading standards, but this time in the context of *pro se* litigation. In *Erickson*, the Court stated that "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a).  *Id.* at 2200.  The Court further noted that a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (citations omitted). In an effort to reconcile *Twombly* and *Erickson*, the Seventh Circuit has read those cases together to mean that "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Link brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law.  To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States.

Link alleges that on September 17, 2007, Custody Officers at the Allen County Jail violated the Fourth Amendment's prohibition against unreasonable searches and seizures by entering his cell in the jail's lock-up unit without a search or arrest warrant.  The Fourth Amendment protects against unreasonable searches and seizures in private dwellings by federal and state officials, but its

2

protections do not extend to jail or prison cells.  The Supreme Court has refused to "recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526 (1984).  Recognizing "privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions." *Id*.

Link also alleges that the defendants violated the Fourth and Eighth Amendments and the Fourteenth Amendment's Equal Protection and Due Process Clauses by using excessive force on him when they entered his cell.  He asserts that he suffered a fractured jaw and facial swelling as a result of this incident.

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394 (1989). "[*A*]*ll* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Id.* at 395 (emphasis in original).  The Fourteenth Amendment's Due Process Clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's Cruel and Unusual Punishment Clause protects those convicted of crimes from excessive use of force.  *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Robinson v. Moses*, 644 F. Supp. 975 (N.D. Ind. 1986). The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, but "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

3

Because the plaintiff was a pretrial detainee housed at the Allen County Jail when this incident occurred, the court will analyze his allegations under the Fourteenth Amendment's Due Process Clause. A violation of the Eighth Amendment's Cruel and Unusual Punishment Clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). A custody officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether a jail official used excessive force, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley*, 475 U.S. at 321.

"Fed.R.Civ.P. 8 . . . establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(citations omitted). Giving Link the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of facts consistent with his excessive use of force claim against custody officers Hamilton, Rhymer, Tindall, Meckley, Gonzales, and Girardot under the standards set forth in *McMillian*.

For the foregoing reasons, the court:

    (1) **GRANTS** the plaintiff leave to proceed against the defendants Steven J. Hamilton, Toby H. Rhymer, Rick Tindall, Roxann Meckley, John A. Gonzales, and Michael

Girardot in their personal capacities for damages on the plaintiff's Fourteenth Amendment excessive use of force claim, and **DISMISSES** all other claims;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that the defendants respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) **DIRECTS** the marshals service to effect service of process on the defendants Hamilton, Rhymer, Tindall, Meckley, Gonzales, and Girardot on the plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and amended complaint.

SO ORDERED on April 17, 2008.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION